1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

7

Marcos A. Magana,

NO. _____

8

Plaintiff,

**INDEX**

9

10

v.

11

12

County of Maricopa, a body
government of the State of Arizona;
Paul Penzone, elected Sheriff of
Maricopa County; Detention Officer
Marrero B4675 and Spouse Marrero,
husband and wife; Detention Officer
Cline B3662 and Spouse Cline,
husband and wife; John Does and Jane
Does I-X and Entities I-X,

13
14
15
16
17

Defendants.

18

Exhibit:

19

20

(A) Civil Cover Sheet

21

(B) State Court Record

22

Attachments:

23

1. Supplemental Cover Sheet
2. Recent State Court Docket

24

3. Complaint
4. Service Documents

25

5. Remainder of the State Court Record
6. Verification of Anna G. Critz

26

27

(C) Superior Court Notice of Removal to the Federal District Court

28

1

**EXHIBIT A**
**Civil Cover Sheet**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff**(s): **Marcos A. Magana**

**Defendant**(s): **Maricopa County ; Paul Penzone , Maricopa County Sheriff; Marrero B4675, Officer; Cline B3662, Officer; SPOUSE Mckay ; SPOUSE Schneider ; SPOUSE Hobbs ; SPOUSE Marrero ; SPOUSE Cline ; John and Jane Does I-X ; Entities I-X**

County of Residence: Maricopa

County Where Claim For Relief Arose: Maricopa

County of Residence: Maricopa

Plaintiff's Atty(s):

**Keith M. Knowlton**
**Keith M. Knowlton L.L.C.**
**9920 S. Rural Road, Suite 108, PMB #132**
**Tempe, Arizona  85284**
**(480) 755-1777**

Defendant's Atty(s):

**Anna G. Critz (** Maricopa County ; Paul Penzone , Maricopa County Sheriff; Marrero B4675, Officer; Cline B3662, Officer**)**
**Maricopa County Attorney's Office**
**225 W. Madison St.**
**Phoenix, Arizona  85003**
**(602) 506-8541**

**Maxine S. Mak (** Maricopa County ; Paul Penzone , Maricopa County Sheriff; Marrero B4675, Officer; Cline B3662, Officer**)**
**Maricopa County Attorney's Office**
**225 W. Madison St.**
**Phoenix, Arizona  85003**
**(602) 506-8541**

**REMOVAL FROM MARICOPA COUNTY, CASE #CV2022-092740**

<u>II. Basis of Jurisdiction</u>:          **3. Federal Question (U.S. not a party)**

<u>III. Citizenship of Principal Parties</u> **(Diversity Cases Only)**

Plaintiff:- **N/A**

Defendant:- **N/A**

IV. Origin :                                **2. Removed From State Court**

V. Nature of Suit:                    **440 Other Civil Rights**

VI.Cause of Action:               **42 U.S.C. 1983, 1st Amendment, 4th Amendment, 14th Amendment**

VII. Requested in Complaint

           Class Action: **No**

        Dollar Demand: **unspecified**

          Jury Demand: **Yes**

VIII. This case **is not related** to another case.

---

**Signature:  Anna G. Critz**

    **Date:  09/12/2022**

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

**Revised: 01/2014**

# EXHIBIT B
# State Court Record

Attachments:
1.  Supplemental Cover Sheet
2.  Recent State Court Docket
3.  Complaint
4.  Service Documents
5.  Remainder of the State Record
6.  Verification of Anna G. Critz

**Attachment 1**
**Supplemental Cover Sheet**

**SUPPLEMENTAL CIVIL COVER SHEET**
**FOR CASES REMOVED FROM ANOTHER JURISDICTION**

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

---

1. **Style of the Case:**
   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|-------|-----------|-------------|
|       |           |             |
|       |           |             |
|       |           |             |

2. **Jury Demand:**
   Was a Jury Demand made in another jurisdiction?    Yes            No
   If "Yes," by which party and on what date?

   _____          _____

3. **Answer:**
   Was an Answer made in another jurisdiction?    Yes            No
   If "Yes," by which party and on what date?

   _____          _____

**4.**     **Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5.**     **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|---|---|
|  |  |
|  |  |
|  |  |

**6.**     **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|---|---|
|  |  |
|  |  |
|  |  |

**7.**     **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|---|---|
|  |  |
|  |  |
|  |  |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

**Attachment 2**
**Recent State Court Docket**



Select Language ▼

Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2022-092740 | Judge: | Hopkins, Stephen |
| File Date: | 6/22/2022 | Location: | Southeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Marcos A Magana | Plaintiff | Male | Keith Knowlton |
| County Of Maricopa | Defendant | | Pro Per |
| Paul Penzone | Defendant | Male | Pro Per |
| Unknown Marrero | Defendant | Male | Pro Per |
| Unknown Cline | Defendant | Male | Pro Per |
| Maricopa County Sheriffs Office | Defendant | | Pro Per |
| MARIAELENA REYES | Defendant | Female | Pro Per |
| DARLENE FULLER | Defendant | Female | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 9/1/2022 | AFS - Affidavit Of Service | 9/8/2022 | |
| **NOTE:** COUNY OF MARICOPA | | | |
| 9/1/2022 | AFS - Affidavit Of Service | 9/8/2022 | |
| **NOTE:** MARIAELENA REYES | | | |
| 9/1/2022 | AFS - Affidavit Of Service | 9/8/2022 | |
| **NOTE:** DARLENE FULLER | | | |
| 8/31/2022 | 322 - ME: Notice Of Intent To Dismiss | 8/31/2022 | |
| 8/30/2022 | AFS - Affidavit Of Service | 9/2/2022 | |
| **NOTE:** ARIZONA ATTORNEY GENERALS OFFICE | | | |
| 8/30/2022 | AFS - Affidavit Of Service | 9/2/2022 | |
| **NOTE:** DEPARTMENT OF CHILD SAFETY | | | |
| 8/30/2022 | AFS - Affidavit Of Service | 9/2/2022 | |
| **NOTE:** MARICOPA COUNTY SHERIFFS OFFICE | | | |
| 8/30/2022 | AFS - Affidavit Of Service | 9/2/2022 | |
| **NOTE:** MARICOPA COUNTY BOARD OF SUPERVISORS | | | |
| 6/22/2022 | COM - Complaint | 6/23/2022 | |
| **NOTE:** Complaint | | | |
| 6/22/2022 | CSH - Coversheet | 6/23/2022 | |
| **NOTE:** Civil Cover Sheet | | | |
| 6/22/2022 | CCN - Cert Arbitration - Not Subject | 6/23/2022 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 6/22/2022 | SUM - Summons | 6/23/2022 | |
| **NOTE:** Summons | | | |
| 6/22/2022 | SUM - Summons | 6/23/2022 | |
| **NOTE:** Summons | | | |
| 6/22/2022 | SUM - Summons | 6/23/2022 | |
| **NOTE:** Summons | | | |
| 6/22/2022 | SUM - Summons | 6/23/2022 | |
| **NOTE:** Summons | | | |
| 6/22/2022 | SUM - Summons | 6/23/2022 | |
| **NOTE:** Summons | | | |
| 6/22/2022 | SUM - Summons | 6/23/2022 | |

**NOTE:** Summons

## Case Calendar
**There are no calendar events on file**

## Judgments
**There are no judgments on file**

**Attachment 3**

**Complaint**

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471532

1   Keith M. Knowlton, Esq. - SBN 011565
    KEITH M. KNOWLTON, L.L.C.
2   9920 S. Rural Road, Ste. 108
    PMB #132
3   Tempe, Arizona 85284-4100
    Phone: (602) 692- 6083
4   Fax:  480) 471-8956
    keithknowlton@msn.com
5   *Attorneys for Plaintiff*

6

7
            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
8
               **IN AND FOR COUNTY OF MARICOPA**
9

10

11  Marcos A. Magana,                        **CV2022-092740**

12                        Plaintiff,

13  vs.                                      **COMPLAINT**

14                                           **(JURY TRIAL DEMANDED)**
    COUNTY OF MARICOPA, a body government
15  of the State of Arizona; PAUL PENZONE,
    elected Sheriff of Maricopa County;
16  DETENTION OFFICER MARRERO
    B4675 and SPOUSE MARRERO, husband
17  and wife; DETENTION OFFICER CLINE
    B3662 and SPOUSE CLINE, husband and
18  wife; JOHN DOES AND JANE DOES I-X and
    ENTITIES I-X,
19
20                        Defendants.

21

22

23          Plaintiff Marcos A. Magana, as and for his Complaint against all Defendants

24  alleges as follows:

25                            **PARTIES**

26          1.      Plaintiff, Marcos A. Magana ("Magana"), at all times relevant to this

27  Complaint, resided in the 4th Avenue Jail in the State of Arizona within the County

28  of Maricopa.


                                   -1-

2.     Defendant Sheriff Paul Penzone, (referred to as "Penzone") is the elected Sheriff of Maricopa County and the Chief Executive Officer of the Maricopa County Sheriff's Office ("MCSO").

3.     Defendants DETENTION OFFICER MARRERO B4675 and DETENTION OFFICER CLINE B3662 (referred to collectively as "Corrections Officers") are employees of MCSO.

4.     Defendants SPOUSE MCKAY, SPOUSE SCHNEIDER, SPOUSE HOBBS, SPOUSE MARRERO AND SPOUSE CLINE are fictitiously named Defendants whose true identity will be supplemented when known and upon information and belief are the spouses of the Correction Officer Defendants.

5.     During all relevant times hereto, the Correction Officer Defendants and their Spouses were husband and wife and acted for, and to benefit their marital community.

6.     The fictitiously named Defendants in the caption to the Complaint are individuals and entities who, on information and belief, committed acts or omissions or caused events to occur that resulted in injury or damage to Plaintiff. Once the identities of these Defendants are discovered, this Complaint shall be amended accordingly.

7.     All named Defendants are interrelated, independent and are jointly and severally liable.

## JURISDICTION AND VENUE

8.     Defendants and each of them caused events to occur in Maricopa County out of which this Complaint arises or residents of Maricopa County.

9.     This action is bring brought pursuant to 42 U.S.C. §1983 to remedy Defendants violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution for excessive force causing serious injury.

-2-

10.     Each and every Correction Officer Defendant aided and abetted each other and therefore are liable for the consequences of the others conduct.

## JURY DEMAND

11.     Plaintiff demands a trial by jury for all issues so triable.

## FACTUAL ALLEGATIONS

12.     Plaintiff incorporates all the preceding paragraph of this Complaint as though fully set forth herein.

13.     On January 25,2021, Magana was outside his cell and refused to go back to his cell to lock down until he had the opportunity to talk to a sergeant about a grievance.

14.     Magana stood still until correction officers arrived and the sergeant that arrived told Magana to cuff up.

15.     Magana followed instruction to cuff up and did not resist in any way being handcuffed by Marrero and Cline.

16.     Magana thought he was being taken to his cell but was stopped when they reached his cell. There were over 10 officers present, which was a large show of force and which made it difficult to see Magana on the video of the incident.

17.     Apparently Sgt. Johnson B1352 changed his mind and directed Magana to be taken to the safety room.  As he was being moved under the stairs, at the exact location where there is no clear video, Magana was forced face first to the ground and then pulled back up.

18.     This caught Magana off guard and he could do nothing to protect himself.

19.     Because the tooth went through his lip from Magana hitting his head face first on the cement, he was bleeding and had a mouth full of blood.

20.     The Correction Officers stopped Magana and put a spit mask on

-3-

him.

21.     Magana was not spitting at officers but the blood was obvious and the officers did not want it on them.

22.  Corrections Officers Gomez-Arroyo B3829, Sgt. Durham A7461, Gomez B3829 and other unknown correction officers were present, witnessed what had occurred and did nothing to stop what occurred or to hold Marrero and Cline accountable.

23.     Magana believed he was slammed face first to the ground because of his conversation with Marrero as they were walking.

24.     Magana had learned from other inmates that Marrero was telling inmates that Magana was as sex offender.

25.     This could be potentially dangerous for Magana.

26.     Magana was telling Marrero to stop that conduct and that he was going to grieve that conduct.

27.     The bottom line is the matter is on video. Magana at no point does anything to justify being thrown face first to the ground.

28.     In the video you can see Magana at the bottom of the stairs and then as he is approaching the next door after the stairs you see what appears by Magana being forced down to the ground then back up.

29.     At the next camera you see Magana getting a spit mask put on and then taken to the safety room. .

30.     Pursuant to MCSO policy CP-1, Procedures 4 (B), Detention Officers ("DOS") "shall" only use the amount of force that is objectively reasonable and necessary to address the situation.

31.     The force used here was not reasonable or necessary as Magana was handcuffed with his hands behind his back and was not in any way resisting being moved.

32.     That is clear on the video of this incident.

33.     After being placed in the safety cell, medical came and checked on Magana.

34.     Magana was seen by RN Pearsal 2324H.

35.     Magana's injuries were severe enough to require him to be sent to the hospital at Banner Health by ambulance to receive stitches to his lip.

**COUNT ONE**
**42 U.S.C. § 1983**
**Excessive Force**

36.     The allegations set forth above are fully incorporated herein by this reference.

37.     In committing the above referenced actions and/or omissions, the Correction Officer Defendants, and each of them, acted under color of state law, and engaged in conduct that was the proximate cause of a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, including but not limited to his right to be free from the use of excessive force by Correction Officers in seizing, detaining, handcuffing , moving and then forcing Plaintiff with his hands cuffed behind his back face first to the cement floor of the cell block, causing Plaintiff's front teeth to go through his lip resulting in bleeding and the need for stitches to close the wound, the injury and would directly resulted from the use of excessive force by the Correction Officer Defendants.

38.     The force used by the Police Officer Defendants in taking Richard into custody was not reasonable or justified under the circumstances.

39.     An objective reasonable Corrections Officer under the same circumstances would not have used the force that was used by Correction Officer

Defendants forcing Plaintiff face first on the ground with his hands cuffed behind his back.

40.     As a result of the Correction Officer Defendants actions alleged above, and in violation of Plaintiff's rights under Federal, Plaintiff suffered injuries and endured mental and emotional distress all in an amount to be determined at trial.

41.     Plaintiff is entitled to bring this cause of action against the Defendants pursuant to 42 U.S.C. § 1983.

42.     Plaintiff is entitled to recover his attorneys' fees incurred in this matter pursuant to 42 U.S.C. § 1988(b).

43.     Plaintiff is entitled to Punitive Damages.

COUNT TWO
42 U.S.C. §1983
(Unconstitutional Custom, Policy, Practice
Procedure and/or Ratification)

44.     Plaintiff incorporates herein all the preceding numbered paragraphs.

45.     Defendant Penzone was at all relevant times the chief executive officer of MCSO.

46.     Pursuant to MCSO policy CP-1, Procedures 4 (B), Detention Officers "shall" only use the amount of force that is objectively reasonable and necessary to address the situation.

47.     The force used here was not reasonable or necessary as Magana was handcuffed with his hands behind his back and was not in any way resisting being moved.

48.     The CORRECTIONS OFFICER DEFENDANTS violated the policy by forcing Plaintiff face first down to the ground with his hands cuffed behind his back and by not reporting this conduct to command. .

49.     As the Sheriff, Defendant Penzone has a non-delegable duty to ensure the policies of the Sheriff's Office are followed by Correction's Officers and that the force used is minimal as necessary to safely move inmates who have their hands cuffed behind their backs.

50.     Defendant Penzone received Plaintiff's Notice of Claim.  Further supervisors received the Incident Reports and had the video of the event.

51.     Plaintiff grieved the incident and the grievance was fully complied with the grievance process.

52.     Defendant Penzone and his appointed supervisors took no action against the Correction Officer Defendants for Plaintiff being forced to the found face first while his hands were cuffed behind his back.

53.     Defendant Penzone ratified the conduct of the Correction Officer Defendants by taking no disciplinary action against the Correctional Officer Defendants and/or the supervisors involved.

54.     By ratifying the Correction Officer Defendants conduct and/or taking no disciplinary action against them, Defendant Penzone has created a practice and procedure that Corrections Officers can use objectively unreasonable force with impunity.

55.     This practice and procedure of impunity for using excessive force on a hand cuffed inmate was the proximate cause of what happened in this case.

56.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to attorney's fees and punitive damages from Williams based on the above.

57.     Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff, having fully pled his claims against Defendants, respectfully requests that this Court enter Judgment in favor of Plaintiff and against these Defendants, individually, jointly and severally, and against their respective marital communities, if any, as follows:

1.    Awarding Plaintiff all allowable actual damages resulting from Defendants' unlawful acts and omissions;

2.    Awarding punitive and exemplary damages in an amount sufficient to deter these Defendants or other similarly situated from engaging in the aforementioned conduct.

3.    For compensatory damages, including but not limited to emotional distress, all in an amount to be determined at the time of trial;

4.    For attorneys' fees and costs;

5.    And to grant such other and further relief as the Court feels is just under the circumstances.

**RESPECTFULLY SUBMITTED** this 22nd day of June, 2022.

**KEITH M. KNOWLTON, L.L.C.**


By:   /s/ Keith Knowlton
     Keith M. Knowlton (SBN: 001565)

**Attachment 4**
**Service Documents**

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471539

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

*8/22/22  11:36 AM*
*LINDA RIZER*
*MC-8379*
*StC D. FULLER -B4987*
*RECEIVED AUG 2 2 2022*  *P.S.*
*20378243*  *CK*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Marcos A. Magana    *T550595* | |
| Plaintiff(s),    *IR 21002266* | Case No.  CV2022-092740 |
| v.    *CK* | |
| County of Maricopa, et al. | **SUMMONS** |
| Defendant(s). | *ACCEPTED FOR CLINE B3662* |

To: Detention Offic Cline B3662

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471532

Keith M. Knowlton, Esq. - SBN 011565
KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Ste. 108
PMB #132
Tempe, Arizona 85284-4100
Phone: (602) 692- 6083
Fax:  480) 471-8956
keithknowlton@msn.com
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR COUNTY OF MARICOPA

| | |
|---|---|
| Marcos A. Magana,<br><br>                              Plaintiff,<br><br>vs.<br><br>COUNTY OF MARICOPA, a body government of the State of Arizona; PAUL PENZONE, elected Sheriff of Maricopa County; DETENTION OFFICER MARRERO B4675 and SPOUSE MARRERO, husband and wife; DETENTION OFFICER CLINE B3662 and SPOUSE CLINE, husband and wife; JOHN DOES AND JANE DOES I-X and ENTITIES I-X,<br><br>                              Defendants. | CV2022-092740<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Marcos A. Magana, as and for his Complaint against all Defendants alleges as follows:

## PARTIES

1.      Plaintiff, Marcos A. Magana ("Magana"), at all times relevant to this Complaint, resided in the 4th Avenue Jail in the State of Arizona within the County of Maricopa.

-1-

2.     Defendant Sheriff Paul Penzone, (referred to as "Penzone") is the elected Sheriff of Maricopa County and the Chief Executive Officer of the Maricopa County Sheriff's Office ("MCSO").

3.     Defendants DETENTION OFFICER MARRERO B4675 and DETENTION OFFICER CLINE B3662 (referred to collectively as "Corrections Officers") are employees of MCSO.

4.     Defendants SPOUSE MCKAY, SPOUSE SCHNEIDER, SPOUSE HOBBS, SPOUSE MARRERO AND SPOUSE CLINE are fictitiously named Defendants whose true identity will be supplemented when known and upon information and belief are the spouses of the Correction Officer Defendants.

5.     During all relevant times hereto, the Correction Officer Defendants and their Spouses were husband and wife and acted for, and to benefit their marital community.

6.     The fictitiously named Defendants in the caption to the Complaint are individuals and entities who, on information and belief, committed acts or omissions or caused events to occur that resulted in injury or damage to Plaintiff. Once the identities of these Defendants are discovered, this Complaint shall be amended accordingly.

7.     All named Defendants are interrelated, independent and are jointly and severally liable.

## JURISDICTION AND VENUE

8.     Defendants and each of them caused events to occur in Maricopa County out of which this Complaint arises or residents of Maricopa County.

9.     This action is bring brought pursuant to 42 U.S.C. §1983 to remedy Defendants violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution for excessive force causing serious injury.

-2-

10.    Each and every Correction Officer Defendant aided and abetted each other and therefore are liable for the consequences of the others conduct.

## JURY DEMAND

11.    Plaintiff demands a trial by jury for all issues so triable.

## FACTUAL ALLEGATIONS

12.    Plaintiff incorporates all the preceding paragraph of this Complaint as though fully set forth herein.

13.    On January 25,2021, Magana was outside his cell and refused to go back to his cell to lock down until he had the opportunity to talk to a sergeant about a grievance.

14.    Magana stood still until correction officers arrived and the sergeant that arrived told Magana to cuff up.

15.    Magana followed instruction to cuff up and did not resist in any way being handcuffed by Marrero and Cline.

16.    Magana thought he was being taken to his cell but was stopped when they reached his cell. There were over 10 officers present, which was a large show of force and which made it difficult to see Magana on the video of the incident.

17.    Apparently Sgt. Johnson B1352 changed his mind and directed Magana to be taken to the safety room.  As he was being moved under the stairs, at the exact location where there is no clear video, Magana was forced face first to the ground and then pulled back up.

18.    This caught Magana off guard and he could do nothing to protect himself.

19.    Because the tooth went through his lip from Magana hitting his head face first on the cement, he was bleeding and had a mouth full of blood.

20.    The Correction Officers stopped Magana and put a spit mask on

-3-

1    him.

2          21.    Magana was not spitting at officers but the blood was obvious and the

3    officers did not want it on them.

4          22.   Corrections Officers Gomez-Arroyo B3829, Sgt. Durham A7461,

5    Gomez B3829 and other unknown correction officers were present, witnessed what

6    had occurred and did nothing to stop what occurred or to hold Marrero and Cline

7    accountable.

8          23.    Magana believed he was slammed face first to the ground because of

9    his conversation with Marrero as they were walking.

10          24.    Magana had learned from other inmates that Marrero was telling

11    inmates that Magana was as sex offender.

12          25.    This could be potentially dangerous for Magana.

13          26.    Magana was telling Marrero to stop that conduct and that he was

14    going to grieve that conduct.

15          27.    The bottom line is the matter is on video. Magana at no point does

16    anything to justify being thrown face first to the ground.

17          28.    In the video you can see Magana at the bottom of the stairs and then

18    as he is approaching the next door after the stairs you see what appears by Magana

19    being forced down to the ground then back up.

20          29.    At the next camera you see Magana getting a spit mask put on and

21    then taken to the safety room. .

22          30.    Pursuant to MCSO policy CP-1, Procedures 4 (B), Detention Officers

23    ("DOS") "shall" only use the amount of force that is objectively reasonable

24    and necessary to address the situation.

25          31.    The force used here was not reasonable or necessary as Magana was

26    handcuffed with his hands behind his back and was not in any way resisting being

27    moved.

28

-4-

32. That is clear on the video of this incident.

33. After being placed in the safety cell, medical came and checked on Magana.

34. Magana was seen by RN Pearsal 2324H.

35. Magana's injuries were severe enough to require him to be sent to the hospital at Banner Health by ambulance to receive stitches to his lip.

## COUNT ONE
## 42 U.S.C. § 1983
## Excessive Force

36. The allegations set forth above are fully incorporated herein by this reference.

37. In committing the above referenced actions and/or omissions, the Correction Officer Defendants, and each of them, acted under color of state law, and engaged in conduct that was the proximate cause of a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, including but not limited to his right to be free from the use of excessive force by Correction Officers in seizing, detaining, handcuffing , moving and then forcing Plaintiff with his hands cuffed behind his back face first to the cement floor of the cell block, causing Plaintiff's front teeth to go through his lip resulting in bleeding and the need for stitches to close the wound, the injury and would directly resulted from the use of excessive force by the Correction Officer Defendants.

38. The force used by the Police Officer Defendants in taking Richard into custody was not reasonable or justified under the circumstances.

39. An objective reasonable Corrections Officer under the same circumstances would not have used the force that was used by Correction Officer

1  Defendants forcing Plaintiff face first on the ground with his hands cuffed behind
2  his back.

3    40.    As a result of the Correction Officer Defendants actions alleged
4  above, and in violation of Plaintiff's rights under Federal, Plaintiff suffered injuries
5  and endured mental and emotional distress all in an amount to be determined at
6  trial.

7    41.    Plaintiff is entitled to bring this cause of action against the Defendants
8  pursuant to 42 U.S.C. § 1983.

9    42.    Plaintiff is entitled to recover his attorneys' fees incurred in this
10  matter pursuant to 42 U.S.C. § 1988(b).

11    43.    Plaintiff is entitled to Punitive Damages.

COUNT TWO
42 U.S.C. §1983
(Unconstitutional Custom, Policy, Practice
Procedure and/or Ratification)

16    44.    Plaintiff incorporates herein all the preceding numbered paragraphs.

17    45.    Defendant Penzone was at all relevant times the chief executive
18  officer of MCSO.

19    46.    Pursuant to MCSO policy CP-1, Procedures 4 (B), Detention Officers
20  "shall" only use the amount of force that is objectively reasonable and necessary to
21  address the situation.

22    47.    The force used here was not reasonable or necessary as Magana was
23  handcuffed with his hands behind his back and was not in any way resisting being
24  moved.

25    48.    The CORRECTIONS OFFICER DEFENDANTS violated the policy
26  by forcing Plaintiff face first down to the ground with his hands cuffed behind his
27  back and by not reporting this conduct to command. .

28

49.     As the Sheriff, Defendant Penzone has a non-delegable duty to ensure the policies of the Sheriff's Office are followed by Correction's Officers and that the force used is minimal as necessary to safely move inmates who have their hands cuffed behind their backs.

50.     Defendant Penzone received Plaintiff's Notice of Claim.  Further supervisors received the Incident Reports and had the video of the event.

51.     Plaintiff grieved the incident and the grievance was fully complied with the grievance process.

52.     Defendant Penzone and his appointed supervisors took no action against the Correction Officer Defendants for Plaintiff being forced to the found face first while his hands were cuffed behind his back.

53.     Defendant Penzone ratified the conduct of the Correction Officer Defendants by taking no disciplinary action against the Correctional Officer Defendants and/or the supervisors involved.

54.     By ratifying the Correction Officer Defendants conduct and/or taking no disciplinary action against them, Defendant Penzone has created a practice and procedure that Corrections Officers can use objectively unreasonable force with impunity.

55.     This practice and procedure of impunity for using excessive force on a hand cuffed inmate was the proximate cause of what happened in this case.

56.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to attorney's fees and punitive damages from Williams based on the above.

57.     Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff, having fully pled his claims against Defendants, respectfully requests that this Court enter Judgment in favor of Plaintiff and against these Defendants, individually, jointly and severally, and against their respective marital communities, if any, as follows:

1.     Awarding Plaintiff all allowable actual damages resulting from Defendants' unlawful acts and omissions;

2.     Awarding punitive and exemplary damages in an amount sufficient to deter these Defendants or other similarly situated from engaging in the aforementioned conduct.

3.     For compensatory damages, including but not limited to emotional distress, all in an amount to be determined at the time of trial;

4.     For attorneys' fees and costs;

5.     And to grant such other and further relief as the Court feels is just under the circumstances.

**RESPECTFULLY SUBMITTED** this 22nd day of June, 2022.

**KEITH M. KNOWLTON, L.L.C.**


By:   /s/ Keith Knowlton
       Keith M. Knowlton (SBN: 001565)

-8-

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471534

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),

v.

County of Maricopa, et al.
Defendant(s).

Case No.  CV2022-092740

### CERTIFICATE OF COMPULSORY ARBITRATION

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By:  Keith M Knowlton /s/
     Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #6934258

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471536

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

*8/22/22  11:36am*
*LINDA RIZER MC-8379*
*D. FULLER - B4987*
*DF*  *SEC*  *P.S.*
*RECEIVED AUG 2 2 2022*  *CK*
*20378243*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),
v.
County of Maricopa, et al.
Defendant(s).

Case No. **CV2022-092740**

**SUMMONS**

*ACCEPTED FOR PAUL PENZONE*

To: Paul Penzone

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6934258

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471532

1  Keith M. Knowlton, Esq. - SBN 011565
   KEITH M. KNOWLTON, L.L.C.
2  9920 S. Rural Road, Ste. 108
   PMB #132
3  Tempe, Arizona 85284-4100
   Phone: (602) 692- 6083
4  Fax:  480) 471-8956
   keithknowlton@msn.com
5  *Attorneys for Plaintiff*

6

7
                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
8
                   **IN AND FOR COUNTY OF MARICOPA**
9

10

11  Marcos A. Magana,                          CV2022-092740

12                    Plaintiff,               **COMPLAINT**

13  vs.                                        **(JURY TRIAL DEMANDED)**

14
    COUNTY OF MARICOPA, a body government
15  of the State of Arizona; PAUL PENZONE,
    elected Sheriff of Maricopa County;
16  DETENTION OFFICER MARRERO
17  B4675 and SPOUSE MARRERO, husband
    and wife; DETENTION OFFICER CLINE
18  B3662 and SPOUSE CLINE, husband and
19  wife; JOHN DOES AND JANE DOES I-X and
    ENTITIES I-X,
20
                    Defendants.
21

22

23       Plaintiff Marcos A. Magana, as and for his Complaint against all Defendants

24  alleges as follows:

25                          **<u>PARTIES</u>**

26       1.     Plaintiff, Marcos A. Magana ("Magana"), at all times relevant to this

27  Complaint, resided in the 4th Avenue Jail in the State of Arizona within the County

28  of Maricopa.

2.     Defendant Sheriff Paul Penzone, (referred to as "Penzone") is the elected Sheriff of Maricopa County and the Chief Executive Officer of the Maricopa County Sheriff's Office ("MCSO").

3.     Defendants DETENTION OFFICER MARRERO B4675 and DETENTION OFFICER CLINE B3662 (referred to collectively as "Corrections Officers") are employees of MCSO.

4.     Defendants SPOUSE MCKAY, SPOUSE SCHNEIDER, SPOUSE HOBBS, SPOUSE MARRERO AND SPOUSE CLINE are fictitiously named Defendants whose true identity will be supplemented when known and upon information and belief are the spouses of the Correction Officer Defendants.

5.     During all relevant times hereto, the Correction Officer Defendants and their Spouses were husband and wife and acted for, and to benefit their marital community.

6.     The fictitiously named Defendants in the caption to the Complaint are individuals and entities who, on information and belief, committed acts or omissions or caused events to occur that resulted in injury or damage to Plaintiff. Once the identities of these Defendants are discovered, this Complaint shall be amended accordingly.

7.     All named Defendants are interrelated, independent and are jointly and severally liable.

**JURISDICTION AND VENUE**

8.     Defendants and each of them caused events to occur in Maricopa County out of which this Complaint arises or residents of Maricopa County.

9.     This action is bring brought pursuant to 42 U.S.C. §1983 to remedy Defendants violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution for excessive force causing serious injury.

10.    Each and every Correction Officer Defendant aided and abetted each other and therefore are liable for the consequences of the others conduct.

### JURY DEMAND

11.    Plaintiff demands a trial by jury for all issues so triable.

### FACTUAL ALLEGATIONS

12.     Plaintiff incorporates all the preceding paragraph of this Complaint as though fully set forth herein.

13.    On January 25,2021, Magana was outside his cell and refused to go back to his cell to lock down until he had the opportunity to talk to a sergeant about a grievance.

14.    Magana stood still until correction officers arrived and the sergeant that arrived told Magana to cuff up.

15.    Magana followed instruction to cuff up and did not resist in any way being handcuffed by Marrero and Cline.

16.    Magana thought he was being taken to his cell but was stopped when they reached his cell. There were over 10 officers present, which was a large show of force and which made it difficult to see Magana on the video of the incident.

17.    Apparently Sgt. Johnson B1352 changed his mind and directed Magana to be taken to the safety room.  As he was being moved under the stairs, at the exact location where there is no clear video, Magana was forced face first to the ground and then pulled back up.

18.    This caught Magana off guard and he could do nothing to protect himself.

19.    Because the tooth went through his lip from Magana hitting his head face first on the cement, he was bleeding and had a mouth full of blood.

20.    The Correction Officers stopped Magana and put a spit mask on

-3-

1    him.

2        21.    Magana was not spitting at officers but the blood was obvious and the

3    officers did not want it on them.

4        22.  Corrections Officers Gomez-Arroyo B3829, Sgt. Durham A7461,

5    Gomez B3829 and other unknown correction officers were present, witnessed what

6    had occurred and did nothing to stop what occurred or to hold Marrero and Cline

7    accountable.

8        23.    Magana believed he was slammed face first to the ground because of

9    his conversation with Marrero as they were walking.

10        24.    Magana had learned from other inmates that Marrero was telling

11    inmates that Magana was as sex offender.

12        25.    This could be potentially dangerous for Magana.

13        26.    Magana was telling Marrero to stop that conduct and that he was

14    going to grieve that conduct.

15        27.    The bottom line is the matter is on video. Magana at no point does

16    anything to justify being thrown face first to the ground.

17        28.    In the video you can see Magana at the bottom of the stairs and then

18    as he is approaching the next door after the stairs you see what appears by Magana

19    being forced down to the ground then back up.

20        29.    At the next camera you see Magana getting a spit mask put on and

21    then taken to the safety room. .

22        30.    Pursuant to MCSO policy CP-1, Procedures 4 (B), Detention Officers

23    ("DOS") "shall" only use the amount of force that is objectively reasonable

24    and necessary to address the situation.

25        31.    The force used here was not reasonable or necessary as Magana was

26    handcuffed with his hands behind his back and was not in any way resisting being

27    moved.

28

-4-

1    32.    That is clear on the video of this incident.

2    33.    After being placed in the safety cell, medical came and checked on

3    Magana.

4    34.    Magana was seen by RN Pearsal 2324H.

5    35.    Magana's injuries were severe enough to require him to be sent to the

6    hospital at Banner Health by ambulance to receive stitches to his lip.

7

8                            **COUNT ONE**
9                          **42 U.S.C. § 1983**
10                         **Excessive Force**

11   36.    The allegations set forth above are fully incorporated herein by this

12   reference.

13   37.    In committing the above referenced actions and/or omissions, the

14   Correction Officer Defendants, and each of them, acted under color of state law,

15   and engaged in conduct that was the proximate cause of a violation of Plaintiff's

16   rights under the Fourth and Fourteenth Amendments to the Constitution of the

17   United States of America, including but not limited to his right to be free from the

18   use of excessive force by Correction Officers in seizing, detaining, handcuffing ,

19   moving and then forcing Plaintiff with his hands cuffed behind his back face first

20   to the cement floor of the cell blook, causing Plaintiff's front teeth to go through

21   his lip resulting in bleeding and the need for stitches to close the wound, the injury

22   and would directly resulted from the use of excessive force by the Correction

23   Officer Defendants.

24   38.    The force used by the Police Officer Defendants in taking Richard

25   into custody was not reasonable or justified under the circumstances.

26   39.    An objective reasonable Corrections Officer under the same

27   circumstances would not have used the force that was used by Correction Officer

28

1 Defendants forcing Plaintiff face first on the ground with his hands cuffed behind
2 his back.

3    40.    As a result of the Correction Officer Defendants actions alleged
4 above, and in violation of Plaintiff's rights under Federal, Plaintiff suffered injuries
5 and endured mental and emotional distress all in an amount to be determined at
6 trial.

7    41.    Plaintiff is entitled to bring this cause of action against the Defendants
8 pursuant to 42 U.S.C. § 1983.

9    42.    Plaintiff is entitled to recover his attorneys' fees incurred in this
10 matter pursuant to 42 U.S.C. § 1988(b).

11    43.    Plaintiff is entitled to Punitive Damages.

**COUNT TWO**
42 U.S.C. §1983
(Unconstitutional Custom, Policy, Practice
Procedure and/or Ratification)

16    44.    Plaintiff incorporates herein all the preceding numbered paragraphs.

17    45.    Defendant Penzone was at all relevant times the chief executive
18 officer of MCSO.

19    46.    Pursuant to MCSO policy CP-1, Procedures 4 (B), Detention Officers
20 "shall" only use the amount of force that is objectively reasonable and necessary to
21 address the situation.

22    47.    The force used here was not reasonable or necessary as Magana was
23 handcuffed with his hands behind his back and was not in any way resisting being
24 moved.

25    48.    The CORRECTIONS OFFICER DEFENDANTS violated the policy
26 by forcing Plaintiff face first down to the ground with his hands cuffed behind his
27 back and by not reporting this conduct to command. .

28

49.     As the Sheriff, Defendant Penzone has a non-delegable duty to ensure the policies of the Sheriff's Office are followed by Correction's Officers and that the force used is minimal as necessary to safely move inmates who have their hands cuffed behind their backs.

50.     Defendant Penzone received Plaintiff's Notice of Claim.  Further supervisors received the Incident Reports and had the video of the event.

51.     Plaintiff grieved the incident and the grievance was fully complied with the grievance process.

52.     Defendant Penzone and his appointed supervisors took no action against the Correction Officer Defendants for Plaintiff being forced to the found face first while his hands were cuffed behind his back.

53.     Defendant Penzone ratified the conduct of the Correction Officer Defendants by taking no disciplinary action against the Correctional Officer Defendants and/or the supervisors involved.

54.     By ratifying the Correction Officer Defendants conduct and/or taking no disciplinary action against them, Defendant Penzone has created a practice and procedure that Corrections Officers can use objectively unreasonable force with impunity.

55.     This practice and procedure of impunity for using excessive force on a hand cuffed inmate was the proximate cause of what happened in this case.

56.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to attorney's fees and punitive damages from Williams based on the above.

57.     Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff, having fully pled his claims against Defendants, respectfully requests that this Court enter Judgment in favor of Plaintiff and against these Defendants, individually, jointly and severally, and against their respective marital communities, if any, as follows:

1.   Awarding Plaintiff all allowable actual damages resulting from Defendants' unlawful acts and omissions;

2.   Awarding punitive and exemplary damages in an amount sufficient to deter these Defendants or other similarly situated from engaging in the aforementioned conduct.

3.   For compensatory damages, including but not limited to emotional distress, all in an amount to be determined at the time of trial;

4.   For attorneys' fees and costs;

5.   And to grant such other and further relief as the Court feels is just under the circumstances.

**RESPECTFULLY SUBMITTED** this 22nd day of June, 2022.

**KEITH M. KNOWLTON, L.L.C.**


By:   /s/ Keith Knowlton
    Keith M. Knowlton (SBN: 001565)

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471534

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),
v.
County of Maricopa, et al.
Defendant(s).

Case No.  CV2022-092740

## CERTIFICATE OF COMPULSORY ARBITRATION

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By:  Keith M Knowlton /s/
Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #6934258

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471534

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),
v.
County of Maricopa, et al.
Defendant(s).

Case No.  CV2022-092740

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Keith M Knowlton /s/
Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #6934258

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471539

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

*8/22/22  11:36AM
LINDA RIZER
MC-8379
S&C D. FULLER -B4987
RECEIVED AUG 2 2 2022  P.S.
CK
20378243*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),
v.
County of Maricopa, et al.
Defendant(s).

*T550595
IR 21002266
CK*

Case No.   CV2022-092740

SUMMONS

*ACCEPTED FOR
CLINE B3662*

To: Detention Offic Cline B3662

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u> Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #8934258

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471532

Keith M. Knowlton, Esq. - SBN 011565
KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Ste. 108
PMB #132
Tempe, Arizona 85284-4100
Phone: (602) 692- 6083
Fax:  480) 471-8956
keithknowlton@msn.com
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR COUNTY OF MARICOPA

| | |
|---|---|
| Marcos A. Magana, | CV2022-092740 |
| Plaintiff, | **COMPLAINT** |
| vs. | **(JURY TRIAL DEMANDED)** |
| COUNTY OF MARICOPA, a body government of the State of Arizona; PAUL PENZONE, elected Sheriff of Maricopa County; DETENTION OFFICER MARRERO B4675 and SPOUSE MARRERO, husband and wife; DETENTION OFFICER CLINE B3662 and SPOUSE CLINE, husband and wife; JOHN DOES AND JANE DOES I-X and ENTITIES I-X, | |
| Defendants. | |

Plaintiff Marcos A. Magana, as and for his Complaint against all Defendants alleges as follows:

## **PARTIES**

1.    Plaintiff, Marcos A. Magana ("Magana"), at all times relevant to this Complaint, resided in the 4th Avenue Jail in the State of Arizona within the County of Maricopa.

-1-

2.     Defendant Sheriff Paul Penzone, (referred to as "Penzone") is the elected Sheriff of Maricopa County and the Chief Executive Officer of the Maricopa County Sheriff's Office ("MCSO").

3.     Defendants DETENTION OFFICER MARRERO B4675 and DETENTION OFFICER CLINE B3662 (referred to collectively as "Corrections Officers") are employees of MCSO.

4.     Defendants SPOUSE MCKAY, SPOUSE SCHNEIDER, SPOUSE HOBBS, SPOUSE MARRERO AND SPOUSE CLINE are fictitiously named Defendants whose true identity will be supplemented when known and upon information and belief are the spouses of the Correction Officer Defendants.

5.     During all relevant times hereto, the Correction Officer Defendants and their Spouses were husband and wife and acted for, and to benefit their marital community.

6.     The fictitiously named Defendants in the caption to the Complaint are individuals and entities who, on information and belief, committed acts or omissions or caused events to occur that resulted in injury or damage to Plaintiff. Once the identities of these Defendants are discovered, this Complaint shall be amended accordingly.

7.     All named Defendants are interrelated, independent and are jointly and severally liable.

## JURISDICTION AND VENUE

8.     Defendants and each of them caused events to occur in Maricopa County out of which this Complaint arises or residents of Maricopa County.

9.     This action is bring brought pursuant to 42 U.S.C. §1983 to remedy Defendants violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution for excessive force causing serious injury.

-2-

10.   Each and every Correction Officer Defendant aided and abetted each other and therefore are liable for the consequences of the others conduct.

## JURY DEMAND

11.   Plaintiff demands a trial by jury for all issues so triable.

## FACTUAL ALLEGATIONS

12.   Plaintiff incorporates all the preceding paragraph of this Complaint as though fully set forth herein.

13.   On January 25,2021, Magana was outside his cell and refused to go back to his cell to lock down until he had the opportunity to talk to a sergeant about a grievance.

14.   Magana stood still until correction officers arrived and the sergeant that arrived told Magana to cuff up.

15.   Magana followed instruction to cuff up and did not resist in any way being handcuffed by Marrero and Cline.

16.   Magana thought he was being taken to his cell but was stopped when they reached his cell. There were over 10 officers present, which was a large show of force and which made it difficult to see Magana on the video of the incident.

17.   Apparently Sgt. Johnson B1352 changed his mind and directed Magana to be taken to the safety room.  As he was being moved under the stairs, at the exact location where there is no clear video, Magana was forced face first to the ground and then pulled back up.

18.   This caught Magana off guard and he could do nothing to protect himself.

19.   Because the tooth went through his lip from Magana hitting his head face first on the cement, he was bleeding and had a mouth full of blood.

20.   The Correction Officers stopped Magana and put a spit mask on

-3-

him.

21.     Magana was not spitting at officers but the blood was obvious and the officers did not want it on them.

22.  Corrections Officers Gomez-Arroyo B3829, Sgt. Durham A7461, Gomez B3829 and other unknown correction officers were present, witnessed what had occurred and did nothing to stop what occurred or to hold Marrero and Cline accountable.

23.     Magana believed he was slammed face first to the ground because of his conversation with Marrero as they were walking.

24.     Magana had learned from other inmates that Marrero was telling inmates that Magana was as sex offender.

25.     This could be potentially dangerous for Magana.

26.     Magana was telling Marrero to stop that conduct and that he was going to grieve that conduct.

27.     The bottom line is the matter is on video. Magana at no point does anything to justify being thrown face first to the ground.

28.     In the video you can see Magana at the bottom of the stairs and then as he is approaching the next door after the stairs you see what appears by Magana being forced down to the ground then back up.

29.     At the next camera you see Magana getting a spit mask put on and then taken to the safety room. .

30.     Pursuant to MCSO policy CP-1, Procedures 4 (B), Detention Officers ("DOS") "shall" only use the amount of force that is objectively reasonable and necessary to address the situation.

31.     The force used here was not reasonable or necessary as Magana was handcuffed with his hands behind his back and was not in any way resisting being moved.

32.   That is clear on the video of this incident.

33.   After being placed in the safety cell, medical came and checked on Magana.

34.   Magana was seen by RN Pearsal 2324H.

35.   Magana's injuries were severe enough to require him to be sent to the hospital at Banner Health by ambulance to receive stitches to his lip.

**COUNT ONE**
**42 U.S.C. § 1983**
**Excessive Force**

36.   The allegations set forth above are fully incorporated herein by this reference.

37.   In committing the above referenced actions and/or omissions, the Correction Officer Defendants, and each of them, acted under color of state law, and engaged in conduct that was the proximate cause of a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, including but not limited to his right to be free from the use of excessive force by Correction Officers in seizing, detaining, handcuffing , moving and then forcing Plaintiff with his hands cuffed behind his back face first to the cement floor of the cell blook, causing Plaintiff's front teeth to go through his lip resulting in bleeding and the need for stitches to close the wound, the injury and would directly resulted from the use of excessive force by the Correction Officer Defendants.

38.   The force used by the Police Officer Defendants in taking Richard into custody was not reasonable or justified under the circumstances.

39.   An objective reasonable Corrections Officer under the same circumstances would not have used the force that was used by Correction Officer

Defendants forcing Plaintiff face first on the ground with his hands cuffed behind his back.

40.     As a result of the Correction Officer Defendants actions alleged above, and in violation of Plaintiff's rights under Federal, Plaintiff suffered injuries and endured mental and emotional distress all in an amount to be determined at trial.

41.     Plaintiff is entitled to bring this cause of action against the Defendants pursuant to 42 U.S.C. § 1983.

42.     Plaintiff is entitled to recover his attorneys' fees incurred in this matter pursuant to 42 U.S.C. § 1988(b).

43.     Plaintiff is entitled to Punitive Damages.

COUNT TWO
42 U.S.C. §1983
(Unconstitutional Custom, Policy, Practice
Procedure and/or Ratification)

44.     Plaintiff incorporates herein all the preceding numbered paragraphs.

45.     Defendant Penzone was at all relevant times the chief executive officer of MCSO.

46.     Pursuant to MCSO policy CP-1, Procedures 4 (B), Detention Officers "shall" only use the amount of force that is objectively reasonable and necessary to address the situation.

47.     The force used here was not reasonable or necessary as Magana was handcuffed with his hands behind his back and was not in any way resisting being moved.

48.     The CORRECTIONS OFFICER DEFENDANTS violated the policy by forcing Plaintiff face first down to the ground with his hands cuffed behind his back and by not reporting this conduct to command. .

-6-

49.    As the Sheriff, Defendant Penzone has a non-delegable duty to ensure the policies of the Sheriff's Office are followed by Correction's Officers and that the force used is minimal as necessary to safely move inmates who have their hands cuffed behind their backs.

50.    Defendant Penzone received Plaintiff's Notice of Claim.  Further supervisors received the Incident Reports and had the video of the event.

51.    Plaintiff grieved the incident and the grievance was fully complied with the grievance process.

52.    Defendant Penzone and his appointed supervisors took no action against the Correction Officer Defendants for Plaintiff being forced to the found face first while his hands were cuffed behind his back.

53.    Defendant Penzone ratified the conduct of the Correction Officer Defendants by taking no disciplinary action against the Correctional Officer Defendants and/or the supervisors involved.

54.    By ratifying the Correction Officer Defendants conduct and/or taking no disciplinary action against them, Defendant Penzone has created a practice and procedure that Corrections Officers can use objectively unreasonable force with impunity.

55.    This practice and procedure of impunity for using excessive force on a hand cuffed inmate was the proximate cause of what happened in this case.

56.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to attorney's fees and punitive damages from Williams based on the above.

57.    Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff, having fully pled his claims against Defendants, respectfully requests that this Court enter Judgment in favor of Plaintiff and against these Defendants, individually, jointly and severally, and against their respective marital communities, if any, as follows:

1.     Awarding Plaintiff all allowable actual damages resulting from Defendants' unlawful acts and omissions;

2.     Awarding punitive and exemplary damages in an amount sufficient to deter these Defendants or other similarly situated from engaging in the aforementioned conduct.

3.     For compensatory damages, including but not limited to emotional distress, all in an amount to be determined at the time of trial;

4.     For attorneys' fees and costs;

5.     And to grant such other and further relief as the Court feels is just under the circumstances.

**RESPECTFULLY SUBMITTED** this 22nd day of June, 2022.

**KEITH M. KNOWLTON, L.L.C.**


By:   /s/ Keith Knowlton
      Keith M. Knowlton (SBN: 001565)

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471534

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),

v.

County of Maricopa, et al.
Defendant(s).

Case No.  CV2022-092740

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Keith M Knowlton /s/
    Plaintiff/Attorney for Plaintiff

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471535

BOARD OF SUPERVISOR'S
MAI...
2022 AUG 22  AM II: 17

Served Rizer
KSN

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),
v.
County of Maricopa, et al.
Defendant(s).

Case No.  CV2022-092740

**SUMMONS**

To: County of Maricopa

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set #6934258

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471532

1   Keith M. Knowlton, Esq. - SBN 011565
    KEITH M. KNOWLTON, L.L.C.
2   9920 S. Rural Road, Ste. 108
    PMB #132
3   Tempe, Arizona 85284-4100
    Phone: (602) 692- 6083
4   Fax:  480) 471-8956
    keithknowlton@msn.com
5   *Attorneys for Plaintiff*

6

7                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8

9                    **IN AND FOR COUNTY OF MARICOPA**

10

11  Marcos A. Magana,                          CV2022-092740

12                 Plaintiff,
                                               **COMPLAINT**
13  vs.
                                               **(JURY TRIAL DEMANDED)**
14
    COUNTY OF MARICOPA, a body government
15  of the State of Arizona; PAUL PENZONE,
    elected Sheriff of Maricopa County;
16  DETENTION OFFICER MARRERO
17  B4675 and SPOUSE MARRERO, husband
    and wife; DETENTION OFFICER CLINE
18  B3662 and SPOUSE CLINE, husband and
    wife; JOHN DOES AND JANE DOES I-X and
19  ENTITIES I-X,
20
                   Defendants.
21

22

23       Plaintiff Marcos A. Magana, as and for his Complaint against all Defendants

24  alleges as follows:

25                            **PARTIES**

26       1.      Plaintiff, Marcos A. Magana ("Magana"), at all times relevant to this

27  Complaint, resided in the 4th Avenue Jail in the State of Arizona within the County

28  of Maricopa.

                                -1-

2.      Defendant Sheriff Paul Penzone, (referred to as "Penzone") is the elected Sheriff of Maricopa County and the Chief Executive Officer of the Maricopa County Sheriff's Office ("MCSO").

3.      Defendants DETENTION OFFICER MARRERO B4675 and DETENTION OFFICER CLINE B3662 (referred to collectively as "Corrections Officers") are employees of MCSO.

4.      Defendants SPOUSE MCKAY, SPOUSE SCHNEIDER, SPOUSE HOBBS, SPOUSE MARRERO AND SPOUSE CLINE are fictitiously named Defendants whose true identity will be supplemented when known and upon information and belief are the spouses of the Correction Officer Defendants.

5.      During all relevant times hereto, the Correction Officer Defendants and their Spouses were husband and wife and acted for, and to benefit their marital community.

6.      The fictitiously named Defendants in the caption to the Complaint are individuals and entities who, on information and belief, committed acts or omissions or caused events to occur that resulted in injury or damage to Plaintiff. Once the identities of these Defendants are discovered, this Complaint shall be amended accordingly.

7.      All named Defendants are interrelated, independent and are jointly and severally liable.

## **JURISDICTION AND VENUE**

8.      Defendants and each of them caused events to occur in Maricopa County out of which this Complaint arises or residents of Maricopa County.

9.      This action is bring brought pursuant to 42 U.S.C. §1983 to remedy Defendants violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution for excessive force causing serious injury.

-2-

10.     Each and every Correction Officer Defendant aided and abetted each other and therefore are liable for the consequences of the others conduct.

## JURY DEMAND

11.     Plaintiff demands a trial by jury for all issues so triable.

## FACTUAL ALLEGATIONS

12.     Plaintiff incorporates all the preceding paragraph of this Complaint as though fully set forth herein.

13.     On January 25,2021, Magana was outside his cell and refused to go back to his cell to lock down until he had the opportunity to talk to a sergeant about a grievance.

14.     Magana stood still until correction officers arrived and the sergeant that arrived told Magana to cuff up.

15.     Magana followed instruction to cuff up and did not resist in any way being handcuffed by Marrero and Cline.

16.     Magana thought he was being taken to his cell but was stopped when they reached his cell. There were over 10 officers present, which was a large show of force and which made it difficult to see Magana on the video of the incident.

17.     Apparently Sgt. Johnson B1352 changed his mind and directed Magana to be taken to the safety room.  As he was being moved under the stairs, at the exact location where there is no clear video, Magana was forced face first to the ground and then pulled back up.

18.     This caught Magana off guard and he could do nothing to protect himself.

19.     Because the tooth went through his lip from Magana hitting his head face first on the cement, he was bleeding and had a mouth full of blood.

20.     The Correction Officers stopped Magana and put a spit mask on

-3-

him.

21.    Magana was not spitting at officers but the blood was obvious and the officers did not want it on them.

22.   Corrections Officers Gomez-Arroyo B3829, Sgt. Durham A7461, Gomez B3829 and other unknown correction officers were present, witnessed what had occurred and did nothing to stop what occurred or to hold Marrero and Cline accountable.

23.    Magana believed he was slammed face first to the ground because of his conversation with Marrero as they were walking.

24.    Magana had learned from other inmates that Marrero was telling inmates that Magana was as sex offender.

25.    This could be potentially dangerous for Magana.

26.    Magana was telling Marrero to stop that conduct and that he was going to grieve that conduct.

27.    The bottom line is the matter is on video. Magana at no point does anything to justify being thrown face first to the ground.

28.    In the video you can see Magana at the bottom of the stairs and then as he is approaching the next door after the stairs you see what appears by Magana being forced down to the ground then back up.

29.    At the next camera you see Magana getting a spit mask put on and then taken to the safety room. .

30.    Pursuant to MCSO policy CP-1, Procedures 4 (B), Detention Officers ("DOS") "shall" only use the amount of force that is objectively reasonable and necessary to address the situation.

31.    The force used here was not reasonable or necessary as Magana was handcuffed with his hands behind his back and was not in any way resisting being moved.

32. That is clear on the video of this incident.

33. After being placed in the safety cell, medical came and checked on Magana.

34. Magana was seen by RN Pearsal 2324H.

35. Magana's injuries were severe enough to require him to be sent to the hospital at Banner Health by ambulance to receive stitches to his lip.

## COUNT ONE
### 42 U.S.C. § 1983
### Excessive Force

36. The allegations set forth above are fully incorporated herein by this reference.

37. In committing the above referenced actions and/or omissions, the Correction Officer Defendants, and each of them, acted under color of state law, and engaged in conduct that was the proximate cause of a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, including but not limited to his right to be free from the use of excessive force by Correction Officers in seizing, detaining, handcuffing , moving and then forcing Plaintiff with his hands cuffed behind his back face first to the cement floor of the cell blook, causing Plaintiff's front teeth to go through his lip resulting in bleeding and the need for stitches to close the wound, the injury and would directly resulted from the use of excessive force by the Correction Officer Defendants.

38. The force used by the Police Officer Defendants in taking Richard into custody was not reasonable or justified under the circumstances.

39. An objective reasonable Corrections Officer under the same circumstances would not have used the force that was used by Correction Officer

-5-

Defendants forcing Plaintiff face first on the ground with his hands cuffed behind his back.

40.    As a result of the Correction Officer Defendants actions alleged above, and in violation of Plaintiff's rights under Federal, Plaintiff suffered injuries and endured mental and emotional distress all in an amount to be determined at trial.

41.    Plaintiff is entitled to bring this cause of action against the Defendants pursuant to 42 U.S.C. § 1983.

42.    Plaintiff is entitled to recover his attorneys' fees incurred in this matter pursuant to 42 U.S.C. § 1988(b).

43.    Plaintiff is entitled to Punitive Damages.

COUNT TWO
42 U.S.C. §1983
(Unconstitutional Custom, Policy, Practice
Procedure and/or Ratification)

44.    Plaintiff incorporates herein all the preceding numbered paragraphs.

45.    Defendant Penzone was at all relevant times the chief executive officer of MCSO.

46.    Pursuant to MCSO policy CP-1, Procedures 4 (B), Detention Officers "shall" only use the amount of force that is objectively reasonable and necessary to address the situation.

47.    The force used here was not reasonable or necessary as Magana was handcuffed with his hands behind his back and was not in any way resisting being moved.

48.    The CORRECTIONS OFFICER DEFENDANTS violated the policy by forcing Plaintiff face first down to the ground with his hands cuffed behind his back and by not reporting this conduct to command. .

49.   As the Sheriff, Defendant Penzone has a non-delegable duty to ensure the policies of the Sheriff's Office are followed by Correction's Officers and that the force used is minimal as necessary to safely move inmates who have their hands cuffed behind their backs.

50.   Defendant Penzone received Plaintiff's Notice of Claim.  Further supervisors received the Incident Reports and had the video of the event.

51.   Plaintiff grieved the incident and the grievance was fully complied with the grievance process.

52.   Defendant Penzone and his appointed supervisors took no action against the Correction Officer Defendants for Plaintiff being forced to the found face first while his hands were cuffed behind his back.

53.   Defendant Penzone ratified the conduct of the Correction Officer Defendants by taking no disciplinary action against the Correctional Officer Defendants and/or the supervisors involved.

54.   By ratifying the Correction Officer Defendants conduct and/or taking no disciplinary action against them, Defendant Penzone has created a practice and procedure that Corrections Officers can use objectively unreasonable force with impunity.

55.   This practice and procedure of impunity for using excessive force on a hand cuffed inmate was the proximate cause of what happened in this case.

56.   Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to attorney's fees and punitive damages from Williams based on the above.

57.   Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff, having fully pled his claims against Defendants, respectfully requests that this Court enter Judgment in favor of Plaintiff and against these Defendants, individually, jointly and severally, and against their respective marital communities, if any, as follows:

1.      Awarding Plaintiff all allowable actual damages resulting from Defendants' unlawful acts and omissions;

2.      Awarding punitive and exemplary damages in an amount sufficient to deter these Defendants or other similarly situated from engaging in the aforementioned conduct.

3.      For compensatory damages, including but not limited to emotional distress, all in an amount to be determined at the time of trial;

4.      For attorneys' fees and costs;

5.      And to grant such other and further relief as the Court feels is just under the circumstances.

**RESPECTFULLY SUBMITTED** this 22nd day of June, 2022.

**KEITH M. KNOWLTON, L.L.C.**


By:   /s/ Keith Knowlton
        Keith M. Knowlton (SBN: 001565)

-8-

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471534

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),
v.
County of Maricopa, et al.
Defendant(s).

Case No.  CV2022-092740

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.


RESPECTFULLY SUBMITTED this


By: Keith M Knowlton /s/
    Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471538

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),
v.
County of Maricopa, et al.
Defendant(s).

Case No.  **CV2022-092740**

**SUMMONS**

To: Spouse Marrero

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u> Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

**Attachment 5**
**Remainder of the State Court Record**

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471532

Keith M. Knowlton, Esq. - SBN 011565
KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Ste. 108
PMB #132
Tempe, Arizona 85284-4100
Phone: (602) 692- 6083
Fax:  480) 471-8956
keithknowlton@msn.com
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR COUNTY OF MARICOPA

|  |  |
|---|---|
| Marcos A. Magana,<br><br>                          Plaintiff,<br><br>vs.<br><br>COUNTY OF MARICOPA, a body government of the State of Arizona; PAUL PENZONE, elected Sheriff of Maricopa County; DETENTION OFFICER MARRERO B4675 and SPOUSE MARRERO, husband and wife; DETENTION OFFICER CLINE B3662 and SPOUSE CLINE, husband and wife; JOHN DOES AND JANE DOES I-X and ENTITIES I-X,<br><br>                          Defendants. | **CV2022-092740**<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Marcos A. Magana, as and for his Complaint against all Defendants alleges as follows:

## **PARTIES**

1.     Plaintiff, Marcos A. Magana ("Magana"), at all times relevant to this Complaint, resided in the 4th Avenue Jail in the State of Arizona within the County of Maricopa.

-1-

2.     Defendant Sheriff Paul Penzone, (referred to as "Penzone") is the elected Sheriff of Maricopa County and the Chief Executive Officer of the Maricopa County Sheriff's Office ("MCSO").

3.     Defendants DETENTION OFFICER MARRERO B4675 and DETENTION OFFICER CLINE B3662 (referred to collectively as "Corrections Officers") are employees of MCSO.

4.     Defendants SPOUSE MCKAY, SPOUSE SCHNEIDER, SPOUSE HOBBS, SPOUSE MARRERO AND SPOUSE CLINE are fictitiously named Defendants whose true identity will be supplemented when known and upon information and belief are the spouses of the Correction Officer Defendants.

5.     During all relevant times hereto, the Correction Officer Defendants and their Spouses were husband and wife and acted for, and to benefit their marital community.

6.     The fictitiously named Defendants in the caption to the Complaint are individuals and entities who, on information and belief, committed acts or omissions or caused events to occur that resulted in injury or damage to Plaintiff. Once the identities of these Defendants are discovered, this Complaint shall be amended accordingly.

7.     All named Defendants are interrelated, independent and are jointly and severally liable.

## JURISDICTION AND VENUE

8.     Defendants and each of them caused events to occur in Maricopa County out of which this Complaint arises or residents of Maricopa County.

9.     This action is bring brought pursuant to 42 U.S.C. §1983 to remedy Defendants violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution for excessive force causing serious injury.

-2-

10.     Each and every Correction Officer Defendant aided and abetted each other and therefore are liable for the consequences of the others conduct.

## JURY DEMAND

11.     Plaintiff demands a trial by jury for all issues so triable.

## FACTUAL ALLEGATIONS

12.      Plaintiff incorporates all the preceding paragraph of this Complaint as though fully set forth herein.

13.     On January 25,2021, Magana was outside his cell and refused to go back to his cell to lock down until he had the opportunity to talk to a sergeant about a grievance.

14.     Magana stood still until correction officers arrived and the sergeant that arrived told Magana to cuff up.

15.     Magana followed instruction to cuff up and did not resist in any way being handcuffed by Marrero and Cline.

16.     Magana thought he was being taken to his cell but was stopped when they reached his cell. There were over 10 officers present, which was a large show of force and which made it difficult to see Magana on the video of the incident.

17.     Apparently Sgt. Johnson B1352 changed his mind and directed Magana to be taken to the safety room.  As he was being moved under the stairs, at the exact location where there is no clear video, Magana was forced face first to the ground and then pulled back up.

18.     This caught Magana off guard and he could do nothing to protect himself.

19.     Because the tooth went through his lip from Magana hitting his head face first on the cement, he was bleeding and had a mouth full of blood.

20.     The Correction Officers stopped Magana and put a spit mask on

-3-

him.

21.     Magana was not spitting at officers but the blood was obvious and the officers did not want it on them.

22.  Corrections Officers Gomez-Arroyo B3829, Sgt. Durham A7461, Gomez B3829 and other unknown correction officers were present, witnessed what had occurred and did nothing to stop what occurred or to hold Marrero and Cline accountable.

23.     Magana believed he was slammed face first to the ground because of his conversation with Marrero as they were walking.

24.     Magana had learned from other inmates that Marrero was telling inmates that Magana was as sex offender.

25.     This could be potentially dangerous for Magana.

26.     Magana was telling Marrero to stop that conduct and that he was going to grieve that conduct.

27.     The bottom line is the matter is on video. Magana at no point does anything to justify being thrown face first to the ground.

28.     In the video you can see Magana at the bottom of the stairs and then as he is approaching the next door after the stairs you see what appears by Magana being forced down to the ground then back up.

29.     At the next camera you see Magana getting a spit mask put on and then taken to the safety room. .

30.     Pursuant to MCSO policy CP-1, Procedures 4 (B), Detention Officers ("DOS") "shall" only use the amount of force that is objectively reasonable and necessary to address the situation.

31.     The force used here was not reasonable or necessary as Magana was handcuffed with his hands behind his back and was not in any way resisting being moved.

32.    That is clear on the video of this incident.

33.    After being placed in the safety cell, medical came and checked on Magana.

34.    Magana was seen by RN Pearsal 2324H.

35.    Magana's injuries were severe enough to require him to be sent to the hospital at Banner Health by ambulance to receive stitches to his lip.

**COUNT ONE**
**42 U.S.C. § 1983**
**Excessive Force**

36.    The allegations set forth above are fully incorporated herein by this reference.

37.    In committing the above referenced actions and/or omissions, the Correction Officer Defendants, and each of them, acted under color of state law, and engaged in conduct that was the proximate cause of a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, including but not limited to his right to be free from the use of excessive force by Correction Officers in seizing, detaining, handcuffing , moving and then forcing Plaintiff with his hands cuffed behind his back face first to the cement floor of the cell block, causing Plaintiff's front teeth to go through his lip resulting in bleeding and the need for stitches to close the wound, the injury and would directly resulted from the use of excessive force by the Correction Officer Defendants.

38.    The force used by the Police Officer Defendants in taking Richard into custody was not reasonable or justified under the circumstances.

39.    An objective reasonable Corrections Officer under the same circumstances would not have used the force that was used by Correction Officer

Defendants forcing Plaintiff face first on the ground with his hands cuffed behind his back.

40.     As a result of the Correction Officer Defendants actions alleged above, and in violation of Plaintiff's rights under Federal, Plaintiff suffered injuries and endured mental and emotional distress all in an amount to be determined at trial.

41.     Plaintiff is entitled to bring this cause of action against the Defendants pursuant to 42 U.S.C. § 1983.

42.     Plaintiff is entitled to recover his attorneys' fees incurred in this matter pursuant to 42 U.S.C. § 1988(b).

43.     Plaintiff is entitled to Punitive Damages.

COUNT TWO
42 U.S.C. §1983
(Unconstitutional Custom, Policy, Practice
Procedure and/or Ratification)

44.     Plaintiff incorporates herein all the preceding numbered paragraphs.

45.     Defendant Penzone was at all relevant times the chief executive officer of MCSO.

46.     Pursuant to MCSO policy CP-1, Procedures 4 (B), Detention Officers "shall" only use the amount of force that is objectively reasonable and necessary to address the situation.

47.     The force used here was not reasonable or necessary as Magana was handcuffed with his hands behind his back and was not in any way resisting being moved.

48.     The CORRECTIONS OFFICER DEFENDANTS violated the policy by forcing Plaintiff face first down to the ground with his hands cuffed behind his back and by not reporting this conduct to command. .

-6-

49.     As the Sheriff, Defendant Penzone has a non-delegable duty to ensure the policies of the Sheriff's Office are followed by Correction's Officers and that the force used is minimal as necessary to safely move inmates who have their hands cuffed behind their backs.

50.     Defendant Penzone received Plaintiff's Notice of Claim.  Further supervisors received the Incident Reports and had the video of the event.

51.     Plaintiff grieved the incident and the grievance was fully complied with the grievance process.

52.     Defendant Penzone and his appointed supervisors took no action against the Correction Officer Defendants for Plaintiff being forced to the found face first while his hands were cuffed behind his back.

53.     Defendant Penzone ratified the conduct of the Correction Officer Defendants by taking no disciplinary action against the Correctional Officer Defendants and/or the supervisors involved.

54.     By ratifying the Correction Officer Defendants conduct and/or taking no disciplinary action against them, Defendant Penzone has created a practice and procedure that Corrections Officers can use objectively unreasonable force with impunity.

55.     This practice and procedure of impunity for using excessive force on a hand cuffed inmate was the proximate cause of what happened in this case.

56.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to attorney's fees and punitive damages from Williams based on the above.

57.     Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff, having fully pled his claims against Defendants, respectfully requests that this Court enter Judgment in favor of Plaintiff and against these Defendants, individually, jointly and severally, and against their respective marital communities, if any, as follows:

1.     Awarding Plaintiff all allowable actual damages resulting from Defendants' unlawful acts and omissions;

2.     Awarding punitive and exemplary damages in an amount sufficient to deter these Defendants or other similarly situated from engaging in the aforementioned conduct.

3.     For compensatory damages, including but not limited to emotional distress, all in an amount to be determined at the time of trial;

4.     For attorneys' fees and costs;

5.     And to grant such other and further relief as the Court feels is just under the circumstances.

**RESPECTFULLY SUBMITTED** this 22nd day of June, 2022.

**KEITH M. KNOWLTON, L.L.C.**


By:   /s/ Keith Knowlton
Keith M. Knowlton (SBN: 001565)

-8-

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471533

**Plaintiff's Attorney:**

Keith M Knowlton
Bar Number: 011565, issuing State: AZ
Law Firm: Keith M. Knowlton, LLC
9920 S. Rural Road, Ste. 108 Pmb# 132
Tempe, AZ 85284
Telephone Number: (480)755-1777
Email address: keithknowlton@msn.com

**CV2022-092740**

**Plaintiff:**

Marcos A. Magana
PO Box 3300 ASPC Buckley Unit
Buckeye, AZ 85326

**Defendants:**

County of Maricopa
301 W. Jefferson St. Ste 10
Phoenix, AZ 85003

Paul Penzone
MCSO Legal Liaison 550 Wesst Jackson Street
Phoenix, AZ 85003

Detention Offic Marrero B4675
MCSO Legal Liaison 550 Wesst Jackson Street
Phoenix, AZ 85003

Spouse Marrero
MCSO Legal Liaison 550 Wesst Jackson Street
Phoenix, AZ 85003

Detention Offic Cline B3662
MCSO Legal Liaison 550 Wesst Jackson Street
Phoenix, AZ 85003

Spouse Cline
MCSO Legal Liaison 550 Wesst Jackson Street
Phoenix, AZ 85003

AZTurboCourt.gov Form Set #6934258

Discovery Tier t3

Case Category: Other Civil Case Categories
Case Subcategory: 42 U.S.C. Sect. 1983

AZTurboCourt.gov Form Set #6934258

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471534

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Marcos A. Magana<br>Plaintiff(s),<br>v.<br>County of Maricopa, et al.<br>Defendant(s). | Case No. **CV2022-092740**<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Keith M Knowlton /s/
    Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471535

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),
v.
County of Maricopa, et al.
Defendant(s).

Case No. **CV2022-092740**

**SUMMONS**

To: County of Maricopa

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #6934258

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6934258

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471536

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Marcos A. Magana<br>Plaintiff(s),<br>v.<br>County of Maricopa, et al.<br>Defendant(s). | Case No. **CV2022-092740**<br><br>**SUMMONS** |

To: Paul Penzone

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6934258

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471537

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),
v.
County of Maricopa, et al.
Defendant(s).

Case No. **CV2022-092740**

**SUMMONS**

To: Detention Offic Marrero B4675

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u> Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6934258

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471538

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Marcos A. Magana<br>Plaintiff(s),<br>v.<br>County of Maricopa, et al.<br>Defendant(s). | Case No.  **CV2022-092740**<br><br>**SUMMONS** |

To: Spouse Marrero

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6934258

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471539

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),
v.
County of Maricopa, et al.
Defendant(s).

Case No.  **CV2022-092740**

**SUMMONS**

To: Detention Offic Cline B3662

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6934258

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
6/22/2022 3:38:24 PM
Filing ID 14471540

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Marcos A. Magana
Plaintiff(s),
v.
County of Maricopa, et al.
Defendant(s).

Case No. **CV2022-092740**

**SUMMONS**

To: Spouse Cline

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6934258

| Office Distribution |
| --- |

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**\*\*FILED\*\***
08/31/2022
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

08/27/2022

### COURT ADMINISTRATION

**Case Number:** CV2022-092740

**Marcos A Magana**

**V.**

**County Of Maricopa**

The Judge assigned to this action is the Honorable Stephen M. Hopkins

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 06/22/2022 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 09/20/2022. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number:  CV2022-092740

| Party Name | Attorney Name | |
|---|---|---|
| Marcos A Magana | Keith M Knowlton | Bar ID:  011565 |



Linda R. Rizer
888 E. Clinton Street, 2128
Phoenix, AZ 85020

CLERK OF T.
SUPERIOR CO
RECEIVED N
DOCUMENT DEPOS

2022 AUG 30  AM I

FILED
BY L. CRUZ COVA, DEP

### IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

Marco A. Magana;                    )
                                    )
        Plaintiff(s),               )        Case No.: CV2022-092740
                                    )
                                             CERTIFICATE OF SERVICE BY
                                             A PRIVATE PROCESS SERVER
County of Maricopa, et al..         )
                                    )
        Defendant(s)..

_____

Linda R. Rizer, upon her oath and personal knowledge, states as follows:

  1. I am over twenty-one (21) years of age, suffer no legal disabilities, and am licensed in Maricopa

County as a private process server.

  2. On August 22, 2022, at 11:00 am, I served a SUMMONS and COMPLAINT on Lisa Fischer,

Receptionist, Arizona Attorney General's Office, 2005 N. Central Ave, Phoenix, AZ 85004. Description:

Female, Caucasian, 50's, 5'4", 140 lbs., blonde hair, blue eyes.

        I swear under penalty of perjury pursuant to A.R.C.P. 80(c), this 29th day of August 2022 that

the foregoing is true and correct.

                            _____
                            Linda R. Rizer, ID #MC-8379



Linda R. Rizer
888 E. Clinton Street, 2128
Phoenix, AZ 85020

CLERK OF TH
SUPERIOR COU
RECEIVED NE
DOCUMENT DEPOSI

2022 AUG 30  AM 11

FILED
BY L. CRUZ COVA, DEP

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Marco A. Magana;                         )
                                         )
     Plaintiff(s),                      )        Case No.: CV2022-092740
                                         )
                                              CERTIFICATE OF SERVICE BY
                                              A PRIVATE PROCESS SERVER
County of Maricopa, et al..              )

     Defendant(s)..

---

Linda R. Rizer, upon her oath and personal knowledge, states as follows:

1. I am over twenty-one (21) years of age, suffer no legal disabilities, and am licensed in Maricopa County as a private process server.

2. On August 22, 2022, at 10:50 am, I served a SUMMONS and COMPLAINT on Mariaelena Reyes, Manager, PPU, Department of Child Safety, 3003 N. Central Ave., Phoenix, AZ 85012. Description: Female, Hispanic, 30's, 5'4", 140 lbs., black hair, brown eyes.

     I swear under penalty of perjury pursuant to A.R.C.P. 80(c), this 29th day of August 2022 that the foregoing is true and correct.

                              Linda R. Rizer, ID #MC-8379

Linda R. Rizer
888 E. Clinton Street, 2128
Phoenix, AZ 85020

CLERK OF THE
SUPERIOR COURT
RECEIVED NE
DOCUMENT DEPOSITOR

2022 AUG 30  AM 11: 2
FILED
BY L. CRUZ COVA, DEP

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Marco A. Magana;           )
                           )
        Plaintiff(s),       )        Case No.: CV2022-092740
                           )
                           )        CERTIFICATE OF SERVICE BY
                           )        A PRIVATE PROCESS SERVER
County of Maricopa, et al..  )
                           )
        Defendant(s)..

Linda R. Rizer, upon her oath and personal knowledge, states as follows:

1. I am over twenty-one (21) years of age, suffer no legal disabilities, and am licensed in Maricopa County as a private process server.

2. On August 22, 2022, at 11:00 am, I served a SUMMONS and COMPLAINT on Darlene Fuller, Legal Liaison, Maricopa County Sheriff's Office, 550 W. Jackson St, Phoenix, AZ 85003 for Officer B4987. Description: Female, Black, 40's, 5'6", 170 lbs., black hair, brown eyes.

    I swear under penalty of perjury pursuant to A.R.C.P. 80(c), this 29th day of August 2022 that the foregoing is true and correct.

Linda R. Rizer, ID #MC-8379

CLERK OF THE
SUPERIOR COURT
RECEIVED NE
DOCUMENT DEPOSITORY

Linda R. Rizer
888 E. Clinton Street, 2128
Phoenix, AZ 85020

2022 AUG 30  AM II: 22

**FILED**
BY L. CRUZ·COVA, DEP

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| Marco A. Magana; | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No.: CV2022-092740 |
| | | CERTIFICATE OF SERVICE BY A PRIVATE PROCESS SERVER |
| County of Maricopa, et al.. | ) | |
| | | |
| Defendant(s).. | | |

Linda R. Rizer, upon her oath and personal knowledge, states as follows:

1. I am over twenty-one (21) years of age, suffer no legal disabilities, and am licensed in Maricopa County as a private process server.

2. On August 22, 2022, at 11:20 am, I served a SUMMONS and COMPLAINT on Connie Navaro, Special Deputy Clerk, Maricopa County Board of Supervisors, 301 N. Central Avenue, 10th Floor, Phoenix, AZ 85004 for Maricopa County. Description: Female, Hispanic, 30's, 5'6", 160 lbs., black hair, brown eyes.

I swear under penalty of perjury pursuant to A.R.C.P. 80(c), this 29th day of August 2022 that the foregoing is true and correct.

_Linda R. Rizer_
Linda R. Rizer, ID #MC-8379

CLERK OF THE
SUPERIOR COURT
RECEIVED NE
DOCUMENT DEPOSITORY

2022 SEP -1  AM 10: 32

FILED
BY L. CRUZ COVA, DEP

Linda R. Rizer
888 E. Clinton Street, 2128
Phoenix, AZ 85020

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| Marco A. Magana; | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No.: CV2022-092740 |
| | | |
| | | CERTIFICATE OF SERVICE BY |
| | | A PRIVATE PROCESS SERVER |
| County of Maricopa, et al.. | ) | |
| | | |
| Defendant(s). | | |

Linda R. Rizer, upon her oath and personal knowledge, states as follows:

  1. I am over twenty-one (21) years of age, suffer no legal disabilities, and am licensed in Maricopa County as a private process server.

  2. On August 22, 2022, at 11:20 am, I served a SUMMONS and COMPLAINT on Connie Navaro, Special Deputy Clerk, Maricopa County Board of Supervisors, 301 N. Central Avenue, 10th Floor, Phoenix, AZ 85004 for Maricopa County. Description: Female, Hispanic, 30's, 5'6", 160 lbs., black hair, brown eyes.

  I swear under penalty of perjury pursuant to A.R.C.P. 80(c), this 29th day of August 2022 that the foregoing is true and correct.

Linda R. Rizer, ID #MC-8379

Linda R. Rizer
888 E. Clinton Street, 2128
Phoenix, AZ 85020



CLERK OF THE
SUPERIOR COURT
RECEIVED NE
DOCUMENT DEPOSITORY

**2022 SEP -1   AM 10: 33**

**FILED**
**BY L. CRUZ COVA, DEP**

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Marco A. Magana;            )
                            )
      Plaintiff(s),         )        Case No.: CV2022-092740
                            )
                                     CERTIFICATE OF SERVICE BY
                                     A PRIVATE PROCESS SERVER
County of Maricopa, et al..  )
                            )
      Defendant(s).

Linda R. Rizer, upon her oath and personal knowledge, states as follows:

  1. I am over twenty-one (21) years of age, suffer no legal disabilities, and am licensed in Maricopa
County as a private process server.

  2. On August 22, 2022, at 10:50 am, I served a SUMMONS and COMPLAINT on Mariaelena Reyes,
Manager, PPU, Department of Child Safety, 3003 N. Central Ave., Phoenix, AZ 85012. Description:
Female, Hispanic, 30's, 5'4", 140 lbs., black hair, brown eyes.

      I swear under penalty of perjury pursuant to A.R.C.P. 80(c), this 29th day of August 2022 that the
foregoing is true and correct.

                                    _Linda R. Rizer_
                              Linda R. Rizer, ID #MC-8379

CLERK OF THE
SUPERIOR COURT
RECEIVED NE
DOCUMENT DEPOSITORY

Linda R. Rizer
888 E. Clinton Street, 2128
Phoenix, AZ 85020

**2022 SEP -1  AM 10: 32**

**FILED**
IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA **BY L. CRUZ COVA, DEP**
IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| Marco A. Magana; | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No.: CV2022-092740 |
| | | |
| | | CERTIFICATE OF SERVICE BY |
| | | A PRIVATE PROCESS SERVER |
| County of Maricopa, et al.. | ) | |
| | | |
| Defendant(s). | | |

Linda R. Rizer, upon her oath and personal knowledge, states as follows:

1. I am over twenty-one (21) years of age, suffer no legal disabilities, and am licensed in Maricopa County as a private process server.

2. On August 22, 2022, at 11:00 am, I served a SUMMONS and COMPLAINT on Darlene Fuller, Legal Liaison, Maricopa County Sheriff's Office, 550 W. Jackson St, Phoenix, AZ 85003 for Sheriff Paul Penzone. Description: Female, Black, 40's, 5'6", 170 lbs., black hair, brown eyes.

I swear under penalty of perjury pursuant to A.R.C.P. 80(c), this 29th day of August 2022 that the foregoing is true and correct.

Linda R. Rizer, ID #MC-8379

**Attachment 6**
**Verification of DCA Anna G. Critz**

**VERIFICATION OF ANNA G. CRITZ**

STATE OF ARIZONA)

                           )ss.

County of Maricopa     )

      I, Anna G. Critz, declare under penalty of perjury that I am a Deputy County Attorney with the Maricopa County Attorney's Office, Civil Services Division and that the attached documents are true and complete copies of all pleadings and other documents filed in the state court proceeding *Marcos A. Magana v. County of Maricopa, et al.,* Maricopa County Superior Court Case No. CV2022-092740.

                           DATED this 12th day of September, 2022.

                           RACHEL H. MITCHELL
                           MARICOPA COUNTY ATTORNEY

                           BY: */s/ Anna G. Critz*
                               ANNA G. CRITZ
                               Deputy County Attorney

**EXHIBIT C**
**Superior Court Notice of Removal to the Federal District Court**

1  RACHEL H. MITCHELL
2  MARICOPA COUNTY ATTORNEY

3  By:    ANNA CRITZ (034530)
4         MAXINE S. MAK (031158)
          critza@mcao.maricopa.gov
5         Deputy County Attorneys
6         MCAO Firm No. 00032000

7  CIVIL SERVICES DIVISION
8  225 West Madison Street
   Phoenix, Arizona 85003
9  Telephone (602) 506-8541
   Fax (602) 506-4316
10 ca-civilmailbox@mcao.maricopa.gov

11
12 *Attorneys for Maricopa County, Paul Penzone,
   and Det. Officer Cline*
13

14       **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

15          **IN AND FOR THE COUNTY OF MARICOPA**

16

17 | Marcos A. Magana, | No. CV2022-092740 |
   |---|---|
18 |              Plaintiff, | |
19 | v. | **NOTICE OF FILING NOTICE OF REMOVAL** |
20 | County of Maricopa, a body government of the State of Arizona; Paul Penzone, | |
21 | elected Sheriff of Maricopa County; Detention Officer Marrero B4675 and | (Honorable Stephen Hopkins) |
22 | Spouse Marrero, husband and wife; Detention Officer Cline | |
23 | B3662 and Spouse Cline, husband and | |
24 | wife; John Does and Jane Does I-X and | |
25 | Entities I-X, | |
26 |              Defendants. | |

27

28       TO THE CLERK OF THE COURT AND PLAINTIFF:

1

PLEASE TAKE NOTICE THAT Defendants Maricopa County, Sheriff Penzone, and Officer Cline ("Defendants"), through undersigned counsel, hereby notify this Court that they are filing/have filed a Notice of Removal of this action to the United States District Court for the District of Arizona.

A copy of the Notice of Removal without attachments filed today, September 12, 2022, is attached hereto as Exhibit A.

RESPECTFULLY SUBMITTED on this 12th day of September, 2022.

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By: */s/ Anna G. Critz*
ANNA G. CRITZ
MAXINE S. MAK
Deputy County Attorney
*Attorneys for Maricopa County, Paul Penzone, and Det. Officer Cline*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Honorable Stephen Hopkins
Maricopa County Superior Court
Phoenix, AZ 85003
Christina Gatz, Judicial Assistant
christina.gatz@jbazmc.maricopa.gov

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Keith M. Knowlton, Esq.
KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Ste. 108
PMB #132
Tempe, Arizona 85284-4100
keithknowlton@msn.com
*Attorneys for Plaintiff*



/s/ *T. Palacios*

S:\CIVIL\CIV\Matters\CJ\2021\Magana v. MC 2021-1965\Pleadings\NOR\NOF NOR (state court).docx

**EXHIBIT A**

1
2

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

3
4

By:     ANNA CRITZ (034530)
         MAXINE S. MAK (031158)
         critza@mcao.maricopa.gov
         Deputy County Attorneys
         MCAO Firm No. 00032000

5
6

7
8

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Fax (602) 506-4316
ca-civilmailbox@mcao.maricopa.gov

9

10

11

12

*Attorneys for Maricopa County, Paul Penzone,*
*and Det. Officer Cline*

13

14

**IN THE UNITED STATES DISTRICT COURT**

15

**FOR THE DISTRICT OF ARIZONA**

16

17

Marcos A. Magana,

18

                        Plaintiff,

19

v.

20

County of Maricopa, a body government
of the State of Arizona; Paul Penzone,
elected Sheriff of Maricopa County;
Detention Officer Marrero B4675 and
Spouse Marrero, husband and wife;
Detention Officer Cline
B3662 and Spouse Cline, husband and
wife; John Does and Jane Does I-X and
Entities I-X,

21

22

23

24

25

26

                        Defendants.

No. _____

**NOTICE OF REMOVAL OF MARICOPA
COUNTY SUPERIOR COURT CASE NO.
CV2022-092740**

27

28

         Defendants Maricopa County, Sheriff Penzone, and Officer Cline ("Defendants"),

by and through undersigned counsel and pursuant to 28 U.S.C. §§1441(c), §1446(a), and

1

Rule 3.6, Rules of Practice of the United States District Court for the District of Arizona, notice the removal of the above-captioned case, cause number CV2022-092740, from the Arizona Superior Court, Maricopa County, to this Court, and in support of removal assert the following:

1.      On or about June 22, 2022, Plaintiff filed a Complaint against Defendants in the Superior Court of the State of Arizona for the County of Maricopa under the caption *Marcos A. Magana v. County of Maricopa, et al..,* No. CV2022-092740.  A copy of the Complaint, and all other documents previously filed in this matter and served on Defendants are attached hereto within Exhibit "B". (Exhibit "A" is the Civil Cover Sheet.)

2.      The Complaint was served on Defendants on August 22, 2022.

3.      Defendants have not pleaded, answered, or otherwise appeared in the action.

4.      This Notice of Removal is filed within 30 days after service of the Complaint and is therefore timely filed under 28 U.S.C. § 1446(b).

5.      The lawsuit, filed in Maricopa County, alleges the violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

6.      By reason of the above facts, (a) the United States District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1331, because one or more claims asserted by the Plaintiff arises under the Constitution, laws, or treaties of the United States; and (b) the case is removable pursuant to 28 U.S.C. § 1441(c).  All served defendants consent to the removal of this action.

7.      A Notice of Filing of Notice of Removal, a true and correct copy of which is attached as Exhibit "C", has been filed in the Arizona Superior Court, County of Maricopa, on behalf of Defendants.

WHEREFORE, Defendant respectfully requests that the above action now pending in the Arizona Superior Court, Maricopa County, be removed to this Court.

**RESPECTFULLY SUBMITTED** this 12th day of September, 2022.

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By: */s/ Anna G. Critz*
  ANNA G. CRITZ
  MAXINE S. MAK
  Deputy County Attorney
  *Attorneys for Maricopa County, Paul*
  *Penzone, and Det. Officer Cline*

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 12, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Honorable Stephen Hopkins
Maricopa County Superior Court
Phoenix, AZ 85003
Christina Gatz, Judicial Assistant
christina.gatz@jbazmc.maricopa.gov

Keith M. Knowlton, Esq.
KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Ste. 108
PMB #132
Tempe, Arizona 85284-4100
keithknowlton@msn.com
*Attorneys for Plaintiff*

*/s/ T. Palacios*
S:\CIVIL\CIV\Matters\CJ\2021\Magana v. MC 2021-1965\Pleadings\NOR\NOR (fed court).docx

3

**Tricia Palacios**

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Monday, September 12, 2022 1:17 PM |
| **To:** | Tricia Palacios; Nancy Youngerman |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #7189666 has been delivered to Maricopa County - Superior Court.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2022092740 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Filed By: Anna Critz
AZTurboCourt Form Set: #7189666
Delivery Date and Time: Sep 12, 2022 1:17 PM MST

Forms:


Attached Documents:
Notice of Removal to Federal Court: Notice of Filing Notice of Removal
Exhibit/Attachment (Supporting): Exhibit A


E-Service notification was sent to the following recipient(s):

Keith M. Knowlton at keithknowlton@msn.com